FILED IN CHAMBERS
U.S.D.C. - Atlanta
NOV 1 6 2012
James N. Hatten, Clerk
By: AMCauuu
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

CURTIS WILLIAMS

CRIMINAL CASE NOS.
1:11-CR-547-ODE-ECS
1:12-CR-80-ODE-ECS

ORDER

These consolidated criminal cases are before the Court on Defendant Curtis Williams' objections [Docs. 33/29] to Magistrate Judge E. Clayton Scofield's Report and Recommendation ("R&R") [Docs. 31/26], which recommends Defendant's motions to dismiss based on pre-indictment delay [Docs. 15/10] be denied.[1] For the reasons discussed below, the R&R [Docs. 31/26] is ADOPTED IN ITS ENTIRETY and Defendant's motions to dismiss the indictments [Docs. 15/10] are DENIED.

I. Background

Between 2002 and 2007 Defendant Williams worked as a claims representative for the Social Security Administration ("SSA"). The government alleges Defendant conspired with a social services organization, Help Group Services ("HGS"), to defraud SSA. Specifically, the government contends Defendant accepted financial

---

[1] Although the cases have been consolidated, the files have not been combined. Therefore, each filing is submitted in duplicate, one in each of the two cases. For ease of reference, the Court will identify filings using the docket numbers for both cases--the first docket number listed is the number from case No. 1:11-CR-547-ODE-ECS and the second docket number from case No. 1:12-CR-80-ODE-ECS.

incentives from HGS, totaling approximately $17,000, in return for his assigning HGS as the representative payee for certain Social Security beneficiaries.[2] The government also alleges Defendant lied to Special Agents of the SSA on December 13, 2006 while being investigated for employee misconduct. Defendant contends the payments from HGS were not improper incentives, but rather they were for bona fide renovation and maintenance work he performed for HGS.

It was not until the summer of 2011, during an investigation of HGS, that the government discovered evidence suggesting Defendant Williams had lied in his sworn statements to the SSA. The government then began investigating Defendant Williams specifically and indicted Defendant twice, first on December 13, 2011, and then again on March 13, 2012. The first indictment, No. 1:11-CR-547, charged Defendant with making false statements to the SSA regarding his receipt of unauthorized payments from a social services group in violation of 18 U.S.C. § 1001. The second indictment, No. 1:12-CR-80, charged Defendant with one count of conspiracy to commit mail fraud and eleven counts of substantive mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346.

Defendant contends this pre-indictment delay--one day under the five year statute of limitations--violates his due process rights because he has been prejudiced by the loss of evidence and witnesses key to his defense. Defendant further contends the

---

[2]Certain recipients of Social Security disability payments are not authorized to receive their own disbursements, but rather must select a designated payee who will receive their disability checks and then give the money to the individual payee gradually. HGS was one such designated, or representative, payee.

delay was a deliberate act on the part of the government to gain a tactical advantage.

On May 14, 2012, Magistrate Judge Scofield held an evidentiary hearing on prejudice to the Defendant and then accepted post-hearing briefing by the parties. On September 4, Judge Scofield recommended Defendant's motion to dismiss for pre-indictment delay be denied.

II. <u>The applicable law on pre-indictment delay</u>[3]

"The limit on pre-indictment delay is usually set by the statute of limitations. But the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." <u>United States v. Foxman</u>, 87 F.3d 1220, 1222 (11th Cir. 1996); see generally <u>United States v. Lovasco</u>, 431 U.S. 783, 788-91 (1977); <u>United States v. Marion</u>, 404 U.S. 307, 323-27, (1971). "To establish that a pre-indictment delay violated his due process rights, a defendant must show (1) that he was actually prejudiced by the delay in preparing his defense, and (2) that the delay was unreasonable." <u>United States v. Solomon</u>, 686 F.2d 863, 871 (11th Cir. 1982). "However, the law in this circuit is that prejudice will not be presumed because of a lengthy delay." <u>Stoner v. Graddick</u>, 751 F.2d 1535, 1544 (11th Cir. 1985)(citing <u>United States v. Willis</u>, 583 F.2d 203, 208 n.5 (5th Cir. 1978)).

Faded memories occasioned by pre-indictment delay do not alone satisfy the actual prejudice requirement. <u>United States v.</u>

---

[3]Having reviewed the applicable case law, and noting no party has objected to Judge Scofield's statement of the law, the Court adopts Judge Scofield's statement of the law as laid out below.

3

Hendricks, 661 F.2d 38, 40 (5th Cir. Unit A 1981); United States v. Ramos, 586 F.2d 1078, 1079 (5th Cir. 1978). Death of witnesses may support a claim of actual prejudice. United States v. Mills, 704 F.2d 1553, 1557 (11th Cir. 1983); United States v. Lindstrom, 698 F.2d 1154, 1158 (11th Cir. 1983). To prove prejudice from the loss of deceased witnesses' testimony, however, a defendant must make more than a "general allegation of loss of witnesses." United States v. Beckham, 505 F.2d 1316, 1319 (5th Cir. 1975)(quoting United States v. Zane, 489 F.2d 269, 270 (5th Cir. 1973)); see also Solomon, 686 F.2d at 872 ("When a defendant asserts prejudice because of the loss of evidence, he must show that the loss impaired his ability to provide a meaningful defense."). Defendant must "demonstrate that the evidence thereby lost could not be obtained through other means." United States v. Corbin, 734 F.2d 643, 648 (11th Cir. 1984).

"[S]ubstantial prejudice from delay, standing alone, does not violate due process." Foxman, 87 F.3d at 1223. Even if Defendant can make the necessary showing of prejudice from the delay, "[t]he delay must also be the product of a deliberate act by the government designed to gain a tactical advantage." Id.; see also Lindstrom, 698 F.2d at 1157. "[M]any delays in obtaining an indictment would not be 'tactical'--a word which we think inherently includes the concept of intentionally maneuvering for an advantage at trial." Foxman, 87 F.3d at 1223 n.2.

"[W]here the record shows no reason for the delay (or where delay is due to simple negligence), no due process violation exists." Id.; see also Stoner, 751 F.2d at 1543. Similarly,

4

delay relating to reasonable investigation will not be found to be tactical:

> [I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely "to gain tactical advantage over the accused," precisely because investigative delay is not so one-sided. Rather than deviating from elementary standards of "fair play and decency," a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of "orderly expedition" to that of "mere speed." This the Due Process Clause does not require.

Lovasco, 431 U.S. at 795-96 (footnote and citations omitted), quoted in Lindstrom, 698 F.2d at 1159.

III. Discussion

A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), the Court must conduct a de novo review of those portions of the R&R to which Defendant timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3); United States v. Raddatz, 447 U.S. 667, 673-74 (1980). The Court deems Defendant to have waived his right to request review of any portions of the R&R to which he failed to timely and specifically object. FED. R. CRIM. P. 59(b)(2).

B. Defendant's Objections

Defendant does not object to Judge Scofield's findings of fact, nor to the law Judge Scofield outlined. Defendant objects only to the magistrate judge's conclusion that those facts "[do] not amount to a showing of substantial prejudice," and to "the

5

R&R's finding that the delay in this case was the product of a reasonably conducted investigation." Defendant provides no additional facts or case law, nor any analysis of those facts and law indicating a different conclusion.

> i. <u>Alleged prejudice to Defendant from death of witness Charles Paige</u>

Defendant contends Charles Paige was his subcontractor on several projects for the HGS property. Defendant further contends Mr. Paige would have been a key witness for his defense that the payments Defendant received from HGS were for bona fide renovation work.

Magistrate Judge Scofield found:

> With respect to the death of possible witness Charles Paige, Defendant has not shown that the loss of that witness would amount to substantial actual prejudice. Defendant has shown only that Paige worked on certain jobs for Defendant "in the 2000's" as what amounts to an electrical subcontractor. There was no testimony that Mr. Paige would have had knowledge of how, when, or what Defendant might have been paid by his clients for work done, or that Mr. Paige specifically did any particular work for HGS at any specific time relevant to this case. Furthermore, Defendant has not shown that the fact of any payments for jobs done for HGS could not be shown by other evidence, including records of Defendant, records of HGS, or witnesses with HGS. The loss of this witness simply does not sufficiently establish substantial actual prejudice from any delay by the government in bringing the charges in these cases.

[R&R at 8-9.] Defendant's objection to this finding is: "Mr. Williams disagrees with the R&R's conclusion that this does not amount to a showing of substantial prejudice." After reviewing all the briefings, as well as the transcript of the evidentiary hearing, the Court agrees with Magistrate Judge Scofield's conclusion that these facts do not rise to the level of substantial prejudice.

6

ii. <u>Alleged prejudice to Defendant from inability to collect evidence from three other witnesses</u>

Defendant contends three Social Security beneficiaries could exonerate him by testifying the changing of their designated payee from one service organization to HGS was not improper. Defendant contends he has been prejudiced because two of them cannot be located, despite diligent searches, and one is in the advanced stages of cancer and recalls very little about his representative payee arrangements.

Magistrate Judge Scofield found:

> With regard to the three witnesses who were former Social Security beneficiaries, two could not be located. As to these two witnesses, Defendant has likewise not shown that their unavailability would cause Defendant any substantial actual prejudice. Defendant has not pointed to any specific testimony that these witnesses could give that would be exculpatory. At most they would have had knowledge that HGS had been assigned as their representative payees for a time. There is no showing that they could testify as to how HGS may have been assigned. As for the third witness, Mr. Mills, the defense was able to find and interview him and to obtain the benefit of his recollections, including his recollection of Ms. Huffman with HGS. There has been no showing that Mr. Mills could not be available to testify at trial or that his testimony could not be preserved by deposition prior to trial. The mere fact that his memory may have dimmed does not meet the standard for substantial actual prejudice. See <u>Stoner</u>, 751 F.2d at 1546.

[R&R at 9.] Defendant's objection to this finding is: "Mr. Williams disagrees with the R&R's conclusion that this does not amount to a showing of substantial prejudice." After reviewing all the briefings, as well as the transcript of the evidentiary hearing, the Court agrees with Magistrate Judge Scofield's conclusion that these facts do not rise to the level of substantial prejudice.

### iii. Alleged prejudice to Defendant from loss of his annual employee evaluations

Defendant contends his annual performance reviews are missing from his employee file, which the government seized during its investigation of HGS. Defendant further alleges these files are missing due to the delay in the indictment, and that all his reviews were average or above average, which would undermine the government's claim that he was making improper assignments of beneficiaries to HGS.

Magistrate Judge Scofield found:

> As for Defendant's performance evaluations, the government has responded that it has produced all performance evaluations in its possession. Defendant argues that the performance evaluations would show that he received satisfactory or above average evaluations, allegedly undermining the government's contention that he was told during the relevant time periods that his mode of transferring disability recipients was improper. The government responds that it has provided Defendant with everything it has. And even if the performance evaluations showed Defendant's performance to be satisfactory, the unavailability of this evidence would not be substantially prejudicial to Defendant. Presumably Defendant can testify to having received satisfactory evaluations. But more specifically, the fact that his evaluations were satisfactory would not directly contradict the government's contention that Defendant was told not to process transfers in the way he allegedly did.

[R&R at 9-10.] Defendant's objection to this finding is: "Mr. Williams disagrees with the R&R's conclusion that this does not amount to a showing of substantial prejudice." After reviewing all the briefings, as well as the transcript of the evidentiary hearing, the Court agrees with Magistrate Judge Scofield's conclusion that these facts do not rise to the level of substantial prejudice.

8

vi. <u>Alleged deliberate conduct on the part of the government in delaying indictment to gain a tactical advantage</u>

Magistrate Judge Scofield found:

> But even if the unavailability of any of this evidence could rise to a sufficient level of constitutionally cognizable substantial prejudice, the evidence is nonetheless insufficient to raise an issue as to deliberate acts by the government designed to gain a tactical advantage. The government has profferred [sic] that the evidence against Defendant was not discovered until the summer of 2011 in connection with another investigation as to which Defendant was not a target. Gov't Brief at 13 [Doc. 24]. The false statement charges were brought thereafter in December, less than six months later, with the mail fraud charge following some nine months later. "We must assume that these statements by counsel have been made in good faith," <u>Lovasco</u>, 431 U.S. at 796 . . . and conclude that any delay in bringing the charges thereafter were related to appropriate investigation of the facts supporting charges against Defendant. As the Court stated in <u>Lovasco</u>, "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." <u>Id.</u> at 796 . . . .

[R&R at 10-11.] Defendant's only objection to this finding is that he "disagrees with the R&R's finding that the delay in this case was the product of a reasonably conducted investigation." After reviewing all the briefings, as well as the transcript of the evidentiary hearing, the Court agrees with Magistrate Judge Scofield's conclusion that this evidence is "insufficient to raise an issue as to deliberate acts by the government designed to gain a tactical advantage" [R&R at 10].

Since there has been no objection to Judge Scofield's findings of fact or his statement of applicable law, and after reviewing the briefings and transcripts in detail for itself, the Court agrees with the conclusions of Magistrate Judge Scofield. Therefore, the R&R is ADOPTED IN ITS ENTIRETY.

9

IV. Conclusion

For the reasons discussed above, the R&R [Docs. 31/26] is ADOPTED IN ITS ENTIRETY and Defendant's motions to dismiss the indictment [Docs. 15/10] are DENIED.

SO ORDERED this _16_ day of November, 2012.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE